# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| CHARLENE MITCHELL, individually and on behalf of all others similarly situated,<br><br>v.<br><br>BAPTIST HEALTH SYSTEM, INC. | Case No. _____<br>FLSA Collective Action |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Like many other companies across the United States, Baptist Health's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout Baptist Health's organization.

3. As a result, Baptist Health's workers who were not exempt from overtime under federal law were not paid for all overtime hours worked or were not paid their proper overtime premium after the onset of the Kronos hack.

4. Charlene Mitchell is one such Baptist Health worker.

5. Baptist Health could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6. But it didn't. Instead, Baptist Health did not pay its non-exempt hourly and salaried employees their full overtime premium for all overtime hours worked, as required by federal law.

7. Baptist Health pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. Baptist Health made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely paymet of their wages to make ends meet.

9. Baptist Health's failure to pay overtime wages for all overtime hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

10. Mitchell brings this lawsuit to recover these unpaid overtime wages and other damages owed by Baptist Health to her and Baptist Health's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but Baptist Health's decision to make its own non-exempt employees workers bear the economic burden for the hack.

**JURISDICTION & VENUE**

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Baptist Health is headquartered in this District.

## PARTIES

13. **Plaintiff Charlene Mitchell** is a natural person.

14. Mitchell was, at all relevant times, an employee of Baptist Health.

15. Mitchell has worked for Baptist Health from October 2021 to February 2022.

16. Mitchell's written consent is attached as Exhibit A.

17. Mitchell represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former hourly and salaried employees of Baptist Health, including its subsidiaries and alter egos, who were non-exempt under the FLSA and who worked for Baptist Health in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

18. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

19. **Defendant Baptist Health System, Inc. ("Baptist Health")** is a Florida corporation.

20. Baptist Health maintains its headquarters and principal place of business in this District and Division.

21. Baptist Health may be served by service upon its registered agent, **G. Scott Baity, 841 Prudential Dr., Ste. 1802, Jacksonville, FL 32207**, or by any other method allowed by law.

22. At all relevant times, Baptist Health exerted operational control over its subsidiaries and alter egos.

23. At all relevant times, Baptist Health substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

24. At all relevant times, Baptist Health had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

25. Baptist Health employed and/or jointly employed, with its subsidiaries and alter egos, Mitchell and the Similarly Situated Workers.

26. Baptist Health and its respective subsidiaries and alter egos are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

## COVERAGE UNDER THE FLSA

27. At all relevant times, Baptist Health was an employer of Mitchell within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all relevant times, Baptist Health was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. Baptist Health was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

30. During at least the last three years, Baptist Health has had gross annual sales in excess of $500,000.

31. Baptist Health was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

32. Baptist Health employs many workers, including Mitchell, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

33. The goods and materials handled, sold, or otherwise worked on by Mitchell, and other Baptist Health employees and that have been moved in interstate commerce include, but are not limited to, medical supplies and equipment.

## FACTS

34. Baptist Health is a Jacksonville-based healthcare provider with more than 200 primary care and specialty physician practices, children's specialty clinics, home health care, behavioral health, occupational health, rehabilitation services and urgent care, serving Northeast Florida and Southeast Georgia. Baptist Hospital, About, https://www.baptistjax.com/about-us (last accessed Mar. 28, 2022).

35. Baptist Health is one of the largest employers in the Jacksonville area, with more than 10,000 employees. Baptist Health, Careers, https://www.baptistjax.com/about-us/careers (last visited Mar. 28, 2022).

36. Many of Baptist Health's employees are non-exempt hourly and salaried workers.

37. Since at least 2021, Baptist Health has used timekeeping software and hardware operated and maintained by Kronos.

38. On or about December 11, 2021, Kronos was hacked with ransomware.

39. The Kronos hack interfered with the ability of its customers, including Baptist Health, to use Kronos's software and hardware to track hours and pay employees.

40. Since the onset of the Kronos hack, Baptist Health has not kept accurate track of the hours that Mitchell and Similarly Situated Workers have worked.

41. Instead, Baptist Health has used various methods to estimate the number of hours Mitchell and Similarly Situated Workers have worked in each pay period.

42. For example, Baptist Health issued paychecks based on their scheduled hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

43. This means that employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

44. Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

45. This is what happened to Mitchell.

46. Instead of paying Mitchell for the hours she actually worked (including overtime hours), Baptist Health simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Mitchell's actual hours worked and regular pay rates.

47. In some instances, Mitchell was paid portions of the overtime she worked, but the overtime rate she was paid was not at least 1.5 times her regular rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

48. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

49. Baptist Health knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

50. Baptist Health knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

51. Baptist Health could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

52. Instead of accurately tracking hours and paying employees their overtime, Baptist Health decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

53. Even if it did pay any overtime to affected employees, Baptist Health did not take into account shift differentials and non-discretionary bonuses, such that the overtime premium Baptist Health did pay, if any, was not the full overtime premium owed under the law based on the employees' regular rate.

54. It was feasible for Baptist Health to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

55. But it didn't do that.

56. In other words, Baptist Health pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

57. Mitchell is just one of the many front-line employees who had to shoulder the burden of this decision by Baptist Health.

58. Mitchell was a non-exempt hourly employee of Baptist Health.

59. Mitchell regularly worked over 40 hours per week for Baptist Health.

60. Mitchell's normal, pre-Kronos hack hours are reflected in Baptist Health's records.

61. Since the Kronos hack, Baptist Health has not paid Mitchell for her actual hours worked each week.

62. Since the hack took place, Baptist Health has not been accurately recording the hours worked by Mitchell and its other workers.

63. Even when Baptist Health has issued payment to Mitchell for any overtime, the overtime is not calculated based on Mitchell's regular rates, as required by federal law.

64. Baptist Health was aware of the overtime requirements of the FLSA.

65. Baptist Health nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Mitchell.

66. Baptist Health's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

67. The full overtime wages owed to Mitchell and the Similarly Situated Workers became "unpaid" when the work for Baptist Health was done—that is, on Mitchell and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

68. At the time Baptist Health failed to pay Mitchell and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Baptist Health became liable for all prejudcment interest, liquidated damages, penalties, and any other damages owed under federal and California law.

69. In other words, there is no distinction between late payment and nonpayment of wages under federal law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

70. Even if Baptist Health made any untimely payment of unpaid wages due and owing to Mitchell or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

71. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

72. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Baptist Health's acts and omissions resulting in the unpaid wages in the first place.

73. Mitchell and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Baptist Health under federal law.

## COLLECTIVE ACTION ALLEGATIONS

74. Mitchell incorporates all other allegations.

75. Numerous individuals were victimized by Baptist Health's patterns, practices, and policies, which are in willful violation of the FLSA.

76. Based on her experiences and tenure with Baptist Health, Mitchell is aware that Baptist Health's illegal practices were imposed on the FLSA Collective.

77. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

78. These employees are victims of Baptist Health's respective unlawful compensation practices and are similarly situated to Mitchell in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

79. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

80. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

81. Baptist Health's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

82. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA

83. Mitchell incorporates each other allegation.

84. By failing to pay Mitchell and the FLSA Collective members overtime at 1.5 times their regular rates, Baptist Health violated the FLSA. 29 U.S.C. § 207(a).

85. Baptist Health owes Mitchell and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

86. Baptist Health owes Mitchell and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

87. Baptist Health knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

88. Because Baptist Health knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Baptist Health owes these wages for at least the past three years.

89. Baptist Health's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

90. Because Baptist Health's decision not to pay overtime was not made in good faith, Baptist Health also owes Mitchell and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

91. Accordingly, Mitchell and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

Mitchell prays for judgment against Baptist Health as follows:

a. For an order certifying a collective action for the FLSA claims;

b. For an order finding Baptist Health liable for violations of federal wage laws with respect to Mitchell and all FLSA Collective members covered by this case;

c. For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Mitchell and all FLSA Collective members covered by this case;

d. For an equitable accounting and restitution of wages due to Mitchell and all FLSA Collective members members covered by this case;

e. For a judgment awarding costs of this action to Mitchell all FLSA Collective members covered by this case;

f. For a judgment awarding attorneys' fees to Mitchell and all FLSA Collective members covered by this case;

  g. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Mitchell and all FLSA Collective members covered by this case; and

  h. For all such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        */s/ C. Ryan Morgan*_____
        C. Ryan Morgan, Esq.
        Bar No: 0015527
        Kimberly De Arcangelis, Esq.
        Bar No.:  0025871
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 15th Floor
        Orlando, Florida 32801
        Telephone: (407) 420-1414
        Facsimile:   (407) 245-3401
        Email: rmorgan@forthepeople.com
          kimd@forthepeople.com
        *Attorneys for Plaintiffs*